334 65 60

FILED

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF INDIANA    10 JUN 28 AM 11:29

| | |
|---|---|
| SANDY J. STAHLY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:10C 257 |
| ) | |
| SOUTH BEND PUBLIC ) | |
| TRANSPORTATION CORPORATION ) | |
| (TRANSPO) ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

I. <u>Jurisdiction</u>

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e) et seq, the Civil Rights Act of 1991, 42 U.S.C. § 1981a, et seq, the Americans with Disabilities Act, 42 U.S.C. Sec. 12101 et seq, as Amended, (hereinafter known as the "ADA").

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 1343(4) and 42 U.S.C. § 2000e-5(f). A Right-To-Sue letter was issued by the Equal Employment Opportunity Commission (EEOC), based upon charge affidavits timely filed with the EEOC.

II. <u>Venue</u>

3. This action properly lies in the Northern District of Indiana, South Bend Division, pursuant to 29 U.S.C. § 1391(b), because Plaintiff's claims arose in this judicial district and the alleged unlawful employment practices were committed in this judicial district.

III. <u>Parties</u>

4. Plaintiff Sandy Stahly is female and is currently and was at all times relevant

1

citizens and residents of the United States in the Northern District of Indiana.

5. Defendant South Bend Public Transportation Corporation (hereinafter referred to as "TRANSPO"), is an employer, engaging in an industry affecting commerce, employs more than fifteen (15) regular employees, and is located in St. Joseph County, Indiana.

## COUNT I

6. Plaintiff re-alleges and incorporates paragraphs 1-5 of this Complaint.

7. Sandy Stahly was employed as a driver/bus operator for TRANSPO since June 8, 1998.

8. On a continuance basis during her employment Sandy Stahly was discriminated against in the term and conditions of her employment due to her sex.

9. On August 18, 2009 Sandy Stahly's employment was terminated by TRANSPO due to her sex.

10. Sandy Stahly's employment was terminated in retaliation for her complaint of sex discrimination.

11. As a proximate result of TRANSPO'S foregoing discriminatory acts, Sandy Stahly has suffered lost wages loss with fringe benefits and loss of earning capacity.

12. Sandy Stahly as a proximate result of TRANSPO'S acts has also suffered emotional distress, humiliation, embarrassment and mental anguish.

13. TRANSPO was also acting with willful indifference or conscious disregard of Sandy Stahly's rights due to her sex.

WHEREFORE, Plaintiff Sandy Stahly respectfully requests the following relief:

a. Enter judgment that TRANSPO'S acts, policies, practices and procedures

complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. Section 2000-e et seq. and 42 U.S.C. Section 1981.

  b. Order TRANSPO to make whole Sandy Stahly who has been adversely affected by the policies and practices described herein by providing appropriate back pay, front pay, and reimbursement for lost pension, social security, experience, training opportunities and other benefits in an amount to be shown at trial and other affirmative relief; and

  c. Retain jurisdiction over this action to assure full compliance with the orders of the Court and with applicable law and required TRANSPO to file such reports as the Court deems necessary to evaluate compliance; and

  d. Award Plaintiff her attorney fees, costs and disbursements; and

  e. Award Plaintiff compensatory and punitive damages; and

  f. Award Plaintiff such additional relief as the Court deems just and proper.

## COUNT II

14. Plaintiff re-alleges and incorporates paragraphs 1-13 of this Complaint.

15. TRANSPO intentionally discriminated against Sandy Stahly in violation of the Americans with Disability Act (ADA) by terminating her employment because TRANSPO regarded her as disabled or perceived her to be disabled.

16. In addition, TRANSPO discharged Sandy Stahly in violation of the ADA in retaliation for her complaints to TRANSPO with regard to the discrimination she was experiencing due to a perceived disability and with regard to her complaints as to TRANSPO'S rules and procedures which violated the ADA including TRANSPO'S regulations requiring

disclosure by it's employees of current and past disabilities and other medical information such as medications.

17. As a proximate result of TRANSPO'S foregoing discriminatory acts, Sandy Stahly has suffered lost wages loss, fringe benefits, and loss of earning capacity.

18. Sandy Stahly as a proximate result of TRANSPO'S acts has also suffered emotional distress, humiliation, embarrassment and mental anguish.

WHEREFORE, Plaintiff respectfully requests the following relief:

a. Enter judgement that TRANSPO'S acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by the ADA.

b. Order TRANSPO to make whole Plaintiff who has been adversely affected by the policies and practices described herein by providing appropriate back pay, front pay, and reimbursement for lost pension, social security, experience, training opportunities and other benefits in an amount to be shown at trial and other affirmative relief; and

c. Retain jurisdiction over this action to assure full compliance with the orders of the Court and with applicable law and required TRANSPO to file such reports as the Court deems necessary to evaluate compliance; and

d. Award Plaintiff her attorney fees, costs and disbursements; and

e. Award Plaintiff compensatory and punitive damages; and

f. Award Plaintiff such additional relief as the Court deems just and proper.

## COUNT III

19. Plaintiff re-alleges and incorporates paragraph 1-18 of this Complaint.

20. TRANSPO violated the Americans with Disabilities Act (ADA) by requiring

4

Sandy Stahly and other employees to disclose current and past disabilities and other medical information including information as to medications.

21. TRANSPO'S violation of the ADA was intentional and made with malice and reckless indifference to the rights of Sandy Stahly and of other employees of TRANSPO.

22. As a proximate result of TRANSPO'S foregoing discriminatory acts, Sandy Stahly has suffered lost wages, fringe benefits, and loss of earning capacity.

23. Sandy Stahly as a proximate result of TRANSPO'S acts has also suffered emotional distress, humiliation, embarrassment and mental anguish.

WHEREFORE, Plaintiff Sandy Stahly respectfully requests the following relief:

a. Enter judgment that TRANSPO'S acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by the ADA.

b. Order TRANSPO to make whole Sandy Stahly who has been adversely affected by the policies and practices described herein by providing appropriate back pay, front pay, and reimbursement for lost pension, social security, experience, training opportunities and other benefits in an amount to be shown at trial and other affirmative relief; and

c. Retain jurisdiction over this action to assure full compliance with the orders of the Court and with applicable law and required TRANSPO to file such reports as the Court deems necessary to evaluate compliance; and

d. Award Plaintiff her attorney fees, costs and disbursements; and

e. Award Plaintiff compensatory and punitive damages; and

f. Award Plaintiff such additional relief as the Court deems just and proper.

## COUNT IV

24. Plaintiff repeats and incorporated paragraphs 1-23 of this Complaint.

25. Sandy Stahly's termination from employment on August 18, 2009 was due to her race, Caucasian, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec 2000e et seq and 42 U.S.C. Sec 1981.

26. TRANSPO'S race discrimination was intentional and made with malice and reckless indifference to Plaintiff's rights.

27. Plaintiff sustained emotional suffering and injury due to the race discrimination and has suffered economic loss including lost wages, fringe benefits, and loss of earning capacity.

WHEREFORE, Plaintiff Sandy Stahly respectfully requests the following relief:

a. Enter judgment that TRANSPO'S acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000-e et seq. (Supp II, 1972) and 42 U.S.C. Section 1981.

b. Order TRANSPO to make whole Sandy Stahly who has been adversely affected by the policies and practices described herein by providing appropriate back pay, front pay, and reimbursement for lost pension, social security, experience, training opportunities and other benefits in an amount to be shown at trial and other affirmative relief; and

c. Retain jurisdiction over this action to assure full compliance with the orders of the Court and with applicable law and required TRANSPO to file such reports as the Court deems necessary to evaluate compliance; and

d. Award Plaintiff her attorney fees, costs and disbursements; and

e. Award Plaintiff compensatory and punitive damages; and

f. Award Plaintiff such additional relief as the Court deems just and proper.

Respectfully submitted,

_____
Richard J. LaSalvia    (9814-71)
105 East Jefferson Boulevard, Suite 220
South Bend, Indiana  46601
Telephone:  (574)232-1900
Attorney for Plaintiffs


Jury Demand

Plaintiffs demand trial by jury on all issues so triable.

_____
Richard J. LaSalvia

7